### James J. Long *v.* B. F. Long, et al.

**Conveyance of Real Estate by Boundary.**

Where the contract of sale of real estate is a purchase by the boundary, and the quantity of land is by the vendor and vendee estimated to contain a designated number of acres, not with a view to make the number of acres a matter of importance, the sale is based on the boundary and not upon its estimated area.

#### APPEAL FROM OWEN CIRCUIT COURT.

March 2, 1880.

Opinion by Judge Cofer:

The plaintiff alleged that "the contract was a purchase by the boundary, and the quantity was by the said B. F. and James Long, (vendors) and the defendant, Jas. J. Long (vendee), estimated to contain 66 acres, 3 roods and one pole."

This brings the case within the second class of sales in gross as defined in *Harrison v. Talbot,* 2 Dana 258. The sale is alleged to have been by the boundary, and the quantity, by estimation, was mentioned, if not by way of description, merely incidentally and not with any view to make the number of acres a matter of any importance. The price was fixed in view of the boundary, and not upon an estimate of the number of acres contained in it. The sale was based on the boundary and not upon its estimated area.

Judgment *reversed* and cause remanded with directions to dismiss the petition.

*E. E. Settle, for appellant.　H. P. Montgomery, for appellees.*